## MacDonald, Appellant, *v.* Davis.

*Master and servant—Contract of employment—Suit for salary—Evidence.*

In an action for salary it appeared that the plaintiff had been employed by a contract in writing by a firm who were the general agents of an insurance company. The defendants were the successors of these agents. There was evidence that the plaintiff acted as cashier and auditor for defendants, but there was no evidence that the terms of the contract between them were other than that it was a contract of hire at the will of the new employers. The defendants did not discharge him, but he was dismissed by the president of the insurance company. *Held*, that a nonsuit was properly entered.

Submitted Oct. 22, 1909. Appeal, No. 204, Oct. T., 1909, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1907, No. 4,371, refusing to take off nonsuit in case of William MacDonald v. Henry E. Davis and Benjamin K. Focht, trading as Davis & Focht. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Assumpsit for salary. Before Magill, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*Franklin S. Edmonds* and *Wm. Clarke Mason*, for appellant.

*John R. Read, H. B. Gill* and *Louis B. Runk*, for appellees.

Opinion by Orlady, J., March 3, 1910:

The plaintiff's claim against the defendant is founded upon

a contract in writing, dated September 26, 1906, between Benjamin, Zimmerman & Gerdwood, trading as general agents of the Pennsylvania Mutual Life Insurance Company of Philadelphia, in which the plaintiff herein engaged to enter the employment of the parties named, commencing October 1, 1906, and to devote his whole time, energy and attention to their business interests, as cashier and auditor. The said parties agreed to pay to McDonald, $125 on or before the fifth day of each and every month as compensation during the balance of the year 1906. After January 1, 1907, the compensation was to be $2,000 a year, payable in monthly installments on or before the fifth of each month.

In order to fix the liability of the defendants, the plaintiff alleged in his pleadings that the defendants in this action succeeded to the interests of Benjamin, Zimmerman & Gerdwood, by a contract which was not offered in evidence, and the terms of which are unknown, except that it was to take effect about January 1, 1907. On the trial the plaintiff testified that prior to January 1, 1907, he had had conversations with both of the members of this defendant firm, in which he explained to them the possibilities of the business, drew up a statement of the assets and liabilities from the books of the old firm, the extent of the business, the outstanding contracts for which the outgoing firm was liable, the unpaid bills that were due for office partitions and furnishings, his salary under his contract with them and the general office expenses. His duties were that of cashier and auditor, but his relation to the new firm is not made clear in the testimony; whether he was the individual employee of the general agents, or whether in addition to being in their employment he was under the direction and control of the parent company, is left in doubt.

While his salary for November and December, at the rate of $125 per month, is stated to have been paid by Davis & Focht, there is coupled with it a statement that it was paid through John J. Coyle, who was the executive representative of the life insurance company. The employment was continued until March 22, 1907, when plaintiff was dismissed from service by a writing signed by the president of the company, John J. Coyle.

This letter was not offered in evidence, and the exact relation of the president of the company to the general agents and to this plaintiff as their cashier and auditor is also left in doubt. The plaintiff testified that it was necessary to consult Mr. Coyle as to the conduct of the business, and that he was in frequent consultation with Mr. Coyle, and acted under his direction, or as he states it, "we had to take certain risks, or something of that kind, about which he was asked as to the conduct of the business. They were given to me as the representative of Davis & Focht. Sometimes I consulted my direct principals, Davis & Focht, and at other times consulted Mr. Coyle."

He testified further that when the business was turned over to Davis & Focht, there was an oral contract of employment, that he was to continue his relation to the general business upon the same fixed terms as were set out in the contract between him and Benjamin, Zimmerman & Gerdwood. The difficulty lies in the fact that there was no testimony to connect Davis & Focht with any promise to pay to the plaintiff any wages for any specific time. While the contract with Benjamin, Zimmerman & Gerdwood is clear and specific, the testimony of the plaintiff does not fix any liability on Davis & Focht to carry out its provisions, further than it was a contract of hire at the will of the new employer. Without further evidence on this branch of his case, he is not entitled to recover from these defendants.

He was dismissed from employment by Mr. Coyle, the president of the insurance company, and he testified that he was not discharged by the defendants, that all they stated was that they were sorry he had been discharged and were powerless to change the situation. He accepted his dismissal from the president of the insurance company, and surrendered all books, papers, cash, etc., pursuant thereto. The court below was fully justified in directing a nonsuit to be entered.

The judgment is affirmed.